```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

CLEATUS DILLON,

       Plaintiff,

v.                                    CIVIL ACTION No. 2:04-0362

UNITED MINE WORKERS OF AMERICA
HEALTH AND RETIREMENT FUND, et al.,

       Defendants.

### MEMORANDUM OPINION

       Pending before the court is defendants' motion for summary judgment. By Order entered October 18, 2004, the parties were directed to file cross motions for summary judgment. Plaintiff has neither filed a motion for summary judgment nor has he responded to the one filed by defendants. For reasons expressed more fully below, defendants' motion is GRANTED.

### Background

       The United Mine Workers of America and the Bituminous Coal Operators' Association negotiated agreements to provide health and pension benefits for working and retired coal miners. Two of these plans are the 1950 Pension Plan and the 1974 Pension Plan. Both of these plans are governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

       Cleatus Dillon was injured while working in the mines on September 29, 1971. Mr. Dillon was out of work for this injury until October 31, 1971, after which he returned to work. Approximately one year later, Dillon was admitted to the hospital where he underwent back surgery for a herniated disc. From 1974 to 1976, Dillon had three additional surgeries performed on his back.

Mr. Dillon applied for a pension on July 12, 1995. His eligibility for benefits was considered under the terms of both the 1950 Pension Plan and the 1974 Pension Plan. Dillon was deemed ineligible to receive benefits under the 1974 Pension Plan, however, he was awarded benefits under the 1950 Pension Plan. It is the denial of benefits under the 1974 Pension Plan that is the subject of the Complaint filed herein.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial. Id. at 322. If the moving party meets this burden, according to the United States Supreme Court, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the moving party has met this burden, the burden shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 250-51.

The opposing party must demonstrate that a triable issue of fact exists and may not rest upon mere allegations or denials.  Id. at 252.

## Analysis

In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court held that judicial review of a trustee's decision regarding eligibility for pension benefits is de novo "unless the plan at issue gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  If the administrator retains discretion, the decision is reviewed for an abuse of discretion.  See id.; see also Buzzard v. Holland, 367 F.3d 263, 268 (4th Cir. 2004).  Because the 1974 Pension Plan confers upon its Trustees full and final authority for determining eligibility for benefits, the court must determine whether the decision to deny Dillon benefits under the 1974 Pension Plan was an abuse of discretion.  See Buzzard, 367 F.3d at 268.  In so doing, the court's inquiry is to determine whether that decision was supported by substantial evidence.  See id.

> According to the 1974 Pension Plan:
>
> > A participant who (a) has less than 10 years of signatory service prior to retirement, and (b) becomes totally disabled on or after the effective date as a result of a mine accident shall, upon his retirement (hereinafter "Minimum Disability Retirement"), be eligible for a pension. A participant shall be considered to be totally disabled only if by reason of such accident he is subsequently determined to be eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act or its successor.

1974 Pension Plan at p. 6. Accordingly, to satisfy the eligibility requirements for the 1974 Plan, Dillon must establish: (1) a verifiable mine accident; (2) an SSDI award; (3) a causal link between the mine accident and the disability; and (4) that he became totally disabled on or after the effective date, i.e., December 6, 1974. In reviewing Dillon's application, the Trustees determined that Dillon was not eligible for benefits under the 1974 Pension Plan because he did not become totally disabled on or after December 6, 1974.

There is substantial evidence to support the Trustees' conclusion that Dillon did not become disabled on or after December 6, 1974. The plan administrator relied on the fact that Dillon's injury occurred on September 29, 1971. Dillon's own application for benefits states that he was injured in 1971. See Administrative Record at 37-38. Furthermore, Dillon's Social Security Disability onset date was December 31, 1973, as the Administrative Law Judge reviewing plaintiff's SSDI claim specifically found that Dillon suffered from a disability commencing on December 31, 1973. See Administrative Record at 12. Based on the foregoing, it was reasonable for the Trustees to conclude that Dillon became disabled before the effective date of the

1974 Pension Plan and, therefore, that he was ineligible to receive benefits thereunder.

## Conclusion

For the aforementioned reasons, the court finds that the Trustees' decision was supported by substantial evidence and grants defendants' motion for summary judgment.  Accordingly, a separate Judgment Order of even date herewith will be entered.

The Clerk is directed to mail copies of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 2nd day of August, 2005.

ENTER:

David A. Faber
Chief Judge